[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16707
Non-Argument Calendar

_____

D. C. Docket No. 08-20319-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ORTEGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 10, 2009)

Before BLACK, WILSON and FAY, Circuit Judges.

PER CURIAM:

William Ortega appeals his convictions for possession of and conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841, 846, 851. He argues the district court erred in failing to grant a mistrial or inquire into the jury's deliberations when comments made during polling of the verdict suggested one of the jurors had difficulty understanding English.

"It is well established in this Circuit that to invite error is to preclude review of that error on appeal." *United States v. Campa*, 529 F.3d 980, 1000 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2790 (2009). "[A] criminal defendant may not make an affirmative, apparently strategic decision at trial and then complain on appeal that the result of that decision constitutes reversible error." *United States v. Jernigan*, 341 F.3d 1273, 1290 (11th Cir. 2003).

Ortega successfully objected to the government's attempt to strike the juror in question for cause due to its concerns about her English-language comprehension. When confusion arose during polling, the district court spoke with the juror individually and she satisfied him that the verdict was her true verdict. Ortega suggested that the court also ask other jurors about her understanding of the deliberations, but when the court offered instead to ask the juror herself whether she had understood the trial testimony, Ortega said he "like[d] that better" and that

2

her understanding of the testimony was "the ultimate issue." He did not raise any further objections or move for a mistrial. Because Ortega affirmatively sought or expressly consented to each of the district court's decisions, he invited any error the court might have made and thereby waived appellate review. *See id.* at 1290; *Campa*, 529 F.3d at 1000.

For the foregoing reasons, we affirm Ortega's convictions.

**AFFIRMED.**